UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

JOSHYA DYLAN HORNBACK,       )
                             )
     Plaintiff,              )
v.                           )          Civil Case No.
                             )          5:12-cv-147-JMH
LEXINGTON-FAYETTE URBAN      )
COUNTY GOVERNMENT, et. al.,  )   **MEMORANDUM OPINION & ORDER**
                             )
     Defendants.             )
                             )


***

This matter is before the Court on Defendants
Lexington-Fayette Urban County Government (LFUCG) and
Lexington-Fayette Urban County Division of Police's
(LFUCDP) motion to dismiss (D.E. 4), Defendants Monte
Corbett and Abigail Dillingham's motion to dismiss (D.E.
3), Defendants Katie Rhea and Ray Samuel Wilson's motion to
dismiss (D.E. 5), and Defendant Alizabeth Graham's motion
to dismiss (D.E. 11).  In his response, Plaintiff
voluntarily agrees to dismiss Counts I, III, IV, V and VI
of his Complaint, leaving only Count I seeking damages from
Defendants under 42 U.S.C. § 1983 for an alleged violation
of his Fourth Amendment rights.  All Defendants have
replied, and their motions to dismiss Count I of
Plaintiff's Complaint are ripe for decision.  (D.E. 9, 10,
11).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 31, 2010, Probation and Parole Officers Alizabeth Graham and Abigail Dillingham went to 317 American Avenue in Lexington, Kentucky to perform a routine home visit on probationer Brandon Bell. (D.E. 1, Complaint, at 6). Upon arrival, Graham and Dillingham smelled burning marijuana and requested assistance from Probation and Parole Officers Monte Corbet and Paul Fulcher, in addition to Lexington Police Officers Ray Samuel Wilson and Katie Rhea. (D.E. 1, Complaint, at 6). The above-named Defendants searched the residence located at 317 American Avenue, including the private bedroom of Plaintiff, who was not a parolee at the time. (D.E. 1, Complaint, at 6).

The officers had neither probable cause to search the premises nor a warrant allowing them to search Plaintiff's private bedroom. (D.E. 1, Complaint, at 6). There existed no exigent circumstances to justify the search nor was any consent given by Plaintiff who was absent from his home during the search. (D.E. 1, Complaint, at 10). Regardless, the officers seized marijuana from Plaintiff's bedroom and arrested Plaintiff that evening. (D.E. 1, Complaint, at 7). Plaintiff was arraigned the following day on September 1, 2010. (D.E. 1, Complaint, at 7).

2

On February 17, 2011, Plaintiff filed a motion in Fayette District Court to suppress the evidence found in his bedroom. (D.E. 1, Complaint, at 9). Plaintiff's motion was sustained on May 9, 2011, at which time the Commonwealth moved to dismiss the charges against him. (D.E. 1, Complaint, at 9). The presiding judge dismissed all charges without prejudice. (D.E. 1, Complaint, at 9). One year later on May 8, 2012, Plaintiff filed this action under 42 U.S.C. § 1983 alleging violations of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution as a result of the illegal search and seizure. (D.E. 1, Complaint, at 10-16).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and must accept as true all well-pleaded factual allegations contained within it. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 570).

3

**III. ARGUMENT**

As an initial matter, Defendant LFUCG has correctly noted that the Lexington-Fayette Urban County Division of Police is not a legal entity capable of being sued. Plaintiff apparently concedes this issue, as he did not address this argument in his response.   In the absence of any objection from Plaintiff, Lexington-Fayette Urban County Division of Police shall be dismissed as a party.

In the remaining Defendants' motions to dismiss, they argue that Plaintiff's § 1983 claim must be dismissed because it was filed outside of the statute of limitations. "The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634 (2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997).   In Kentucky, the statute requires all personal injury actions to be brought within one year after the cause of action accrues.   KRS § 413.140(1)(a); *see also Bonner v. Perry*, 564 F.3d 424, 430—31 (6th Cir. 2009) (holding that Kentucky's one year statute of limitations period applies to § 1983 actions).

4

Although the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson*, 510 F.3d at 635 (citing *Kuhnle Bros., Inc.*, 103 F.3d at 519). Generally, federal law prescribes that accrual occurs "when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Applying these rules in this case, the Court concludes that Plaintiff had complete knowledge of the unlawful search and seizure of his bedroom on the day of the search, August 31, 2010. Therefore, his cause of action accrued on this date, and the applicable statute of limitations bars any action brought by Plaintiff after one year had passed. *Wallace*, 549 U.S. at 393—94; *Kenney v. Paris Police Dept.*, No. 5:07-cv-358-JMH, 2011 WL 1582125, at *6 (E.D. Ky. 2011); *Harper v. Jackson*, 293 F. App'x 389, 391 n.1 (6th Cir. 2008).

Despite Plaintiff's arguments to the contrary, this result is compelled by the Supreme Court's teachings in *Wallace v. Kato*, 549 U.S. 384 (2007). Prior to the *Wallace* decision, the Supreme Court held in *Heck v. Humphrey*, 512

U.S. 477 (1994), that, if a § 1983 plaintiff's favorable action in federal court would "necessarily imply the invalidity of [a state court] conviction," the accrual date for the § 1983 action must be delayed until the extant conviction is set aside. *Id.* at 487. In *Wallace*, the plaintiff sought to extend the *Heck* rule to delay a § 1983 action that could impugn an anticipated future conviction until such conviction occurred and was set aside. *Wallace*, 549 U.S. at 393 ("What petitioner seeks, in other words, is the adoption of a principle that goes well beyond *Heck*: that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside."). However, the Supreme Court expressly rejected this argument as both impractical and "bizarre" and found that plaintiffs in this situation must bring their causes of action once they are complete and present within the proscribed state statute of limitations. *Id.* at 393–94.

Plaintiff argues that because *Wallace* dealt with a false arrest and not a search and seizure, its analysis is inapplicable. (D.E. 8, Plaintiff's Response). However, the general rule of *Wallace* soundly applies to a search and seizure scenario, as noted by the Sixth Circuit and several Kentucky district courts. *See Harper*, 293 F. App'x at 391

6

n.1 ("*Wallace* also clarified that *Heck* does not delay the accrual of an otherwise complete and present cause of action when judgment in the plaintiff's favor 'would impugn an anticipated future conviction . . ..'  Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure."); *Kenney*, 2011 WL 1582125 at *6 (holding that a plaintiff's § 1983 claim accrued on the date of the alleged illegal search and seizure); *Lovins v. Hurt*, No. 11-216-JBC, 2011 WL 5592771 at *1 (E.D. Ky. Nov. 16, 2011) ("[t]he plaintiffs had reason to know of the injuries they are asserting, the unlawful search and seizure and property deprivation, at the time of the April 22, 2010 search.. . . For that reason, the federal constitutional claims related to the April 22, 2010, search will be dismissed as barred by the applicable statute of limitations."). Plainly speaking, "irrespective of the difference between types of § 1983 claims asserted, the rule of *Heck* cannot be divorced from its post-conviction setting." *Eidson*, 510 F.3d at 640. Thus, delayed accrual is not applicable in this context, and Plaintiff's argument fails.

Plaintiff argues that such a ruling creates a "problematic situation" for criminal defendants and their attorneys, as it requires the criminal defense attorney,

who may not be a civil rights practitioner, to advise his client concerning illegal search claims and statute of limitations issues; requires defendants to file § 1983 claims quickly after the alleged illegal search so they do not risk losing the claim altogether; and puts the defendant at risk of inconsistent legal determinations by allowing federal courts to decide what is presently being litigated in state courts. (D.E. 8, Plaintiff's Response, at 5—6). However, the Supreme Court had a valid point in *Wallace* when it rhetorically asked

> when has it been the law that a criminal defendant, or a potential criminal defendant, is absolved from all other responsibilities that the law would otherwise place upon him? If a defendant has a breach-of-contract claim against the prime contractor for his new home, is he entitled to tolling for that as well while his criminal case is pending?

*Wallace*, 549 U.S. at 396. The Supreme Court's answer and, similarly, the answer here is no.

Further, and also as noted in *Wallace*, the protection for inconsistent judgments between federal and state courts in this context is the district court's power to "stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393—94. Indeed, "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent

8

some other bar to suit." *Id.* at 394 (citing *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)).

Therefore, because Plaintiff's § 1983 claim was untimely filed, this Court must dismiss the claim in its entirety.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED:**

(1) that Defendant Lexington-Fayette Urban County Division of Police is **DISMISSED** as a party;

(2) that Defendants Monte Corbett and Abigail Dillingham's Motion to Dismiss (D.E. No. 3) shall be **GRANTED;**

(3) that Defendant Lexington-Fayette Urban County Government's Motion to Dismiss (D.E. No. 4) shall be **GRANTED;**

(4) that Defendants Katie Rhea and Ray Samuel Wilson's Motion to Dismiss (D.E. No. 5) shall be **GRANTED;**

(5) that Defendant Alizabeth Graham's Motion to Dismiss (D.E. No. 11) shall be **GRANTED.**

(6) that Plaintiff's claim shall be **DISMISSED WITH PREJUDICE;**

(7) that all scheduled proceedings are **CONTINUED GENERALLY;**

(8) that all pending motions are **DENIED AS MOOT;** and

(9)  that this Order is **FINAL AND APPEALABLE** and **THERE IS NO JUST CAUSE FOR DELAY**.

This, the 16th day of November, 2012.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge